UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RAUL GERENA, SOFIA SPRUILL, J.D. ALSTON and
CARLTON FARRELL,

            COMPLAINT AND
            JURY TRIAL DEMAND

        Plaintiffs,

           -against-

P.O. DERICK SINGH, Tax Registration No. 948426,
SERGEANT RICHARD LAVALLE, Tax Registration No.
931783, P.O. "JOHN DOE" and THE CITY OF NEW
YORK,

        Defendants.
------------------------------------------------------------------X

        Plaintiffs, RAUL GERENA, SOFIA SPRUILL, J.D. ALSTON and CARLTON FARRELL, by their attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully allege as follows:

## JURISDICTION

        1.     This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

        2.     This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

        3.     Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

        4.     Plaintiffs, invoking the supplemental jurisdiction of this Court, also seek compensatory and punitive damages for false arrest and malicious prosecution.

## VENUE

        5.     Venue is properly alleged in the Eastern District of New York in that the acts

complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiffs hereby demand a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff RAUL GERENA was and is a natural person, resident in the County of Queens, City and State of New York.

8. At all times relevant hereto, plaintiff SOFIA SPRUILL was and is a natural person, resident in the County of Queens, City and State of New York.

9. At all times relevant hereto, plaintiff J.D. ALSTON was and is a natural person, resident in the County of Queens, City and State of New York.

10. At all times relevant hereto, plaintiff CARLTON FARRELL was and is a natural person, resident in the Village of Westbury, County of Nassau, State of New York.

11. At all times relevant hereto, defendant P.O. DERICK SINGH, Tax Registration No. 948426 (hereinafter "SINGH") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

12. At all times relevant hereto, defendant SERGEANT RICHARD LAVALLE, Tax Registration No. 931783 (hereinafter "LAVALLE") was and is a natural person, employed as a sergeant by the Police Department of defendant CITY OF NEW YORK.

13. At all times relevant hereto, defendant P.O. "JOHN DOE" (hereinafter "DOE") was and is a natural person, employed as a Police officer by the Police Department of defendant CITY OF NEW YORK.

14. At all times relevant hereto, defendant CITY OF NEW YORK was and is a

municipal corporation, organized and existing pursuant to the laws of the State of New York.

15. The individual defendants are sued in their individual capacities.

16. On or about July 28, 2017, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiffs served upon the Comptroller of the City of New York verified written notices of claim setting forth the time, place, nature and manner in which said claims arose.

17. More than thirty (30) days have elapsed since the aforementioned verified notices of claim were served and the Comptroller has neglected and refused to make payment of said claims.

18. This action is commenced within one year and ninety days from the date the claims herein accrued.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS (42 U.S.C. §1983)

19. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "18" hereinabove as if more fully set forth at length herein.

20. On or about April 30, 2017, at approximately 1:00 A.M., plaintiffs were passengers in a motor vehicle operated by and, upon information and belief, registered to, Brian Johnson, who is not a party to this action.

21. Brian Johnson drove plaintiffs to Lebanon Lodge, which is a meeting hall and event space located at 107-51 Guy R. Brewer Boulevard, Jamaica, County of Queens, City and State of New York.

22. Brian Johnson stopped his motor vehicle near Lebanon Lodge so that plaintiffs could exit.

23. At the aforementioned time and place, an unmarked New York City Police Department motor vehicle pulled up behind Mr. Johnson's vehicle and turned on its turret lights.

24. The three individual defendants exited the unmarked vehicle and approached Mr. Johnson's vehicle.

25. One of the individual defendants opened a door of Mr. Johnson's vehicle and asked the plaintiffs if they had any sharp objects, drugs or weapons with them.

26. Plaintiffs GERENA, ALSTON and FARRELL all responded that they each had small bags of marijuana in their possession.

27. Plaintiff FARRELL also stated that he had a bottle of liquor in his possession.

28. One of the aforementioned individual defendants, upon information and belief defendant LAVALLE, reached into one of plaintiff GERENA's pockets, pulled a bag of marijuana out of it, examined the bag and then put it back into plaintiff GERENA's pocket.

29. Defendant LAVALLE ordered the plaintiffs to exit the vehicle.

30. The plaintiffs complied with defendants LAVALLE's order.

31. Once the plaintiffs were outside of the vehicle, the individual defendants searched all of them.

32. Once the searches were concluded, defendant LAVALLE handed back to plaintiffs GERENA, ALSTON and FARRELL their bags of marijuana, stating, "This is not what we are looking for."

33. The individual defendants told plaintiffs that they were free to go inside Lebanon Lodge to a party that was taking place.

34. Plaintiffs commenced walking to Lebanon Lodge.

35. While plaintiffs were walking to Lebanon Lodge, the individual defendants opened the trunk of Mr. Johnson's vehicle and searched inside it.

36. Before plaintiffs reached Lebanon Lodge, defendant LAVALLE called to them to come back to the vehicle.

37. Upon information and belief, the individual defendants had found a backpack containing narcotics in the trunk of Mr. Johnson's vehicle.

38. Plaintiffs denied any knowledge of the existence, or the contents, of the backpack.

39. Plaintiffs were placed under arrest by defendant SINGH, acting pursuant to the direction of defendant LAVALLE.

40. Plaintiffs were rear-handcuffed and transported to the stationhouse of the 103rd Precinct.

41. Plaintiffs were held at the aforementioned stationhouse for approximately eight hours, after which they were transported to Queens Central Booking.

42. Plaintiffs appeared before a Judge of the Criminal Court of the City of New York, County of Queens and were each charged with criminal possession of a controlled substance in the second degree, a class A felony; criminal possession of a controlled

substance in the third degree, a class B felony; criminally using drug paraphernalia in the second degree, a class A misdemeanor; and consumption of alcoholic beverages in a motor vehicle.

43.     Each plaintiff was held in $150,000.00 bail and incarcerated in a jail owned and operated by the Department of Correction of defendant CITY OF NEW YORK.

44.     On or about June 6, 2017, each plaintiff appeared before the Grand Jury of the County of Queens.

45.     The grand jury voted no true bill with regard to each plaintiff. Thus, the charges against all the plaintiffs were dismissed and sealed and plaintiffs were released from incarceration.

46.     Defendants SINGH, LAVALLE, and "DOE" violated each plaintiff's right to be arrested and prosecuted only with probable cause, guaranteed to them by the fourth and fourteenth amendments to the Constitution of the United States in that, acting under color of state law, they falsely arrested and imprisoned them and maliciously prosecuted them.

47.     Because of the aforementioned acts committed by defendants SINGH, LAVALLE, and "DOE," plaintiffs suffered a deprivation of their right to be arrested, prosecuted and imprisoned only with probable cause and without malice, guaranteed to them by the fourth and fourteenth amendments to the Constitution of the United States, and, as a result, suffered and continue to suffer serious and permanent emotional injuries, incurred expenses for legal representation, and, with regard to plaintiffs GERENA, ALSTON and FARRELL, lost their employment and the income derived therefrom.

48. By reason of the aforementioned unconstitutional and illegal actions taken against them by the individual defendants to this action, plaintiffs have been damaged in an amount sufficient to compensate them for their injuries as enumerated hereinabove and, in addition, seek punitive damages against the defendants.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST DEFENDANTS
### SINGH, LAVALLE, "DOE" and THE CITY OF NEW YORK
### (False arrest and False Imprisonment)

49. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "48" hereinabove as if more fully set forth at length herein.

50. On or about April 30, 2017, at approximately 1:00 A.M., in the vicinity of the Lebanon Lodge, which is located at 107-51 Guy R. Brewer Boulevard, Jamaica, New York, the individual defendants, without probable cause, forcibly, wrongfully, and unlawfully arrested plaintiffs, and, against plaintiffs' own free will, caused each of them to be incarcerated for thirty-nine days.

51. Defendants SINGH, "DOE" and LAVALLE, falsely, maliciously, wrongfully, unlawfully and illegally arrested each plaintiff and accused them of having committed the crimes of possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, criminally using drug paraphernalia in the second degree, and consumption of alcoholic beverages in a motor vehicle.

52. Plaintiffs were illegally, falsely, maliciously, wrongfully, and unlawfully kept in confinement at the stationhouse of 103rd precinct, Queens Central Booking, and jails owned and operated by the Department of Correction of defendant CITY OF NEW YORK.

53. At the time they committed the aforementioned acts of false arrest and false imprisonment, the individual defendants were acting within the scope of their employment by defendant CITY OF NEW YORK.

54. By reason of the false arrest and the false imprisonment committed against each one of them by defendants SINGH, LAVALLE, and "DOE," while they were acting within the scope of their employment by defendant CITY OF NEW YORK, each plaintiff suffered and continues to suffer great mental anguish, incurred legal expenses, and, in the instances of plaintiffs GERENA, ALSTON and FARRELL, lost their employment and the income derived therefrom.

55. As a result of the aforementioned acts of false arrest and false imprisonment committed against plaintiffs by the individual defendants, while they were acting in the scope of their employment by defendant CITY OF NEW YORK, each plaintiff has been damaged in an amount sufficient to compensate each plaintiff for his or her injures and, in addition, seeks punitive damages against each individual defendant.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANTS
## SINGH and THE CITY OF NEW YORK
### (Malicious Prosecution)

56. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "55" hereinabove as if more fully set forth at length herein.

57. On or about April 30, 2017, defendant SINGH maliciously caused a criminal prosecution to be commenced against each of the plaintiffs hereto by his act of falsely and maliciously arresting each one of them and charging them with the crimes of possession of a controlled substance in the second degree, criminal possession of a controlled

substance in the third degree, criminally using drug paraphernalia in the second degree, and consumption of alcoholic beverages in a motor vehicle.

58. Defendant SINGH was without probable cause to arrest any of the plaintiffs for the offenses he charged them with.

59. On or about June 6, 2017, the Queens County Grand Jury voted no true bill with regard to the charges against each plaintiff, thereby dismissing the above charges and setting plaintiffs free.

60. At the time defendant SINGH falsely and maliciously caused the aforementioned prosecution to commence against each of the plaintiffs, he was acting within the scope of his employment by defendant CITY OF NEW YORK.

61. By reason of the prosecution maliciously commenced against them by defendant SINGH while he was acting within the scope of his employment by defendant CITY OF NEW YORK, each plaintiff was deprived of his or her liberty, suffered extreme mental distress and anguish, was forced to defend himself or herself in a criminal proceeding, incurred legal expenses, and, in the instances of plaintiffs GERENA, ALSTON and FARRELL, suffered the loss of their employment and the income derived therefrom.

62. As a result of the prosecution maliciously commenced against plaintiffs by defendant SINGH, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, each plaintiff has been damaged in an amount sufficient to compensate him or her for his or her injuries as enumerated hereinabove, and, in addition, seeks punitive damages against each individual defendant.

WHEREFORE, plaintiffs, RAUL GERENA, SOFIA SPRUILL, J.D. ALSTON and

CARLTON FARRELL, demand judgment against defendants, P.O. DERICK SINGH, Tax Registration No. 948426, SERGEANT RICHARD LAVALLE, Tax Registration No. 931783, P.O. "JOHN DOE" and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION: An amount sufficient to compensate plaintiffs for their injuries as enumerated hereinabove and, in addition, seek punitive damages against defendants SINGH, LAVALLE, and "DOE";

SECOND CAUSE OF ACTION: An amount sufficient to compensate plaintiffs for their injuries as enumerated hereinabove and, in addition, seek punitive damages against defendants SINGH, LAVALLE, and "JOHN DOE";

THIRD CAUSE OF ACTION: An amount sufficient to compensate plaintiffs for their injuries as enumerated hereinabove and, in addition, seek punitive damages against defendant SINGH.

Plaintiffs, in addition, request the costs and disbursements of this action, including their attorney's fees, pursuant to 42 U.S.C. §1988.

Dated:  Kew Gardens, New York
        July 27, 2018

_____
ALAN D. LEVINE, ESQ.
Attorney for Plaintiffs
80-02 Kew Gardens Road, Suite 307
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2416